**FILED**

April 27, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SANDRO ENRIQUE FERNANDEZ MORALES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **NO. SA-26-CV-2711-OLG** |
| **v.** | § | |
| | § | |
| **TODD BLANCHE** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER FOR SERVICE

Before the Court is the Petition for Writ of Habeas Corpus (Dkt. No. 1) filed pursuant to 28 U.S.C. § 2241 by Petitioner Sandro Enrique Fernandez Morales, who is currently detained at the South Texas ICE Processing Center in Pearsall, Texas, located in the Western District of Texas.

Upon review, it is **ORDERED** that notice of electronic filing (NEF) of the Petition (Dkt. No. 1) and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

It is further **ORDERED** that Respondents must file a response to the Petition (Dkt. No. 1) **within 7 days** of electronic service. The response must identify all pertinent factual and procedural background information, including: (a) the date Petitioner entered the United States; (b) whether Petitioner was previously apprehended and then released by immigration authorities; and (c) the status of Petitioner's immigration and/or removal proceedings.

If Petitioner elects to file a reply, he may do so **no later than 7 day**s after Respondents' response is filed.

---

[1]The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. 25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases . . . authorize courts to apply the Federal Rules of Civil Procedure . . . to the extent they do not conflict with the Habeas Rules.").

[2]Rule 5 permits service on "a registered user by filing it with the court's electronic-filing system." FED. R. CIV. P. 5(b)(2)(E). The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. Although the court's Administrative Policies and Procedures for Electronic Filing, Section 5, typically bars NEFs from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit the NEF to suffice as proper service in this case.

**SIGNED** on April 27, 2026.

ORLANDO L. GARCIA
United States District Judge